UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CARL SWANSON,                        )
                                     )
          Petitioner,                )
                                     )
     v.                              )      C.A. No. 22-10898-WGY
                                     )
BRIDGEWATER STATE HOSPITAL,          )
                                     )
          Respondent.                )

## ORDER

### June 15, 2022

YOUNG, D.J.

For the reasons stated below, the Court denies the Petition without prejudice.

On June 7, 2022, Carl Swanson ("Swanson") filed a document dated May 20, 2022 and captioned as a "Heabes Corpus Complaint." Docket No. 1.  In this document, Swanson represents that a petition for involuntary commitment was filed in the Brockton District Court and that he is now in custody at Bridgewater States Hospital.  Id.  Among other things, Swanson complains of a delay in the appointment of an attorney, the likelihood that psychiatric medication will be forcibly administered, and the possibility that his commitment will be extended beyond six months.  Id.  Swanson alleges that "false affidavits were filed by the Suffolk County Jail to commit [Swanson] for the initial 30-day observation period."  Id. at ¶ 8.  Swanson complains that

Bridgewater State Hospital interferes with the United States Mail." <u>Id.</u> at ¶ 13.  Swanson states that he was informed that the hospital has asked the state court for permission "to administer forced electric shock therapy (ECT)." <u>Id.</u> at ¶ 20. Swanson states that his "detention is illegal" and demands that ancillary "jurisdiction be exercised (sic) by this federal court." <u>Id.</u> at ¶ 3.

With his petition, Swanson filed motions to appoint counsel, for discovery, for docketing, and for the issuance of the writ or a show cause order.  <u>See</u> Docket Nos. 2 - 5.  Swanson states that he is indigent and requests the clerk send him the forms for proceeding in forma pauperis.  <u>See</u> Docket No. 8.

The petition has not been served pending the Court's preliminary review of the pleading.  <u>See</u> 28 U.S.C. § 2243 ((providing that, if "it appears from the application [for a writ of habeas corpus] that the applicant . . . is not entitled [to the writ]," the district court is not required to serve the petition on the respondent); <u>see also</u> Rule 4 of the Rules Governing Habeas Corpus Cases under Section 2254 (providing that, if it "plainly appears from the face of the [habeas] petition . . . that the petitioner is not entitled to relief in the district court," the Court "must dismiss the petition").

Here, the abstention doctrine of <u>Younger v. Harris</u>, 401 U.S. 37 (1971), compels the Court to abstain from interfering in

this matter.  Under Younger, a federal court must abstain from reaching the merits of a case over which it has jurisdiction if it "would interfere (1) with an ongoing state judicial proceeding; (2) that implicates an important state interest; and (3) that provides an adequate opportunity for the federal plaintiff to advance his federal constitutional challenge." Rossi v. Gemma, 489 F.3d 26, 34-35 (1st Cir. 2007).  "Except in the most extraordinary cases, a federal court must presume that state courts, consistent with the imperatives of the Supremacy Clause, see U.S. Const. art. VI, are fully competent to adjudicate federal constitutional and statutory claims properly presented by the parties."  Casa Marie, Inc. v. Super. Ct., 988 F.2d 252, 262 (1st Cir.1993) (footnote omitted).  Under Younger abstention, "a federal court must abstain from hearing a case if doing so would 'needlessly inject' the federal court into ongoing state proceedings."  Coggeshall v. Mass. Bd. of Registration of Psychologists, 604 F.3d 658, 664 (1st Cir. 2010)(quoting Brooks v. N.H. Supreme Ct., 80 F.3d 633, 637 (1st Cir. 1996)).  Younger abstention is even appropriate where litigants "claim violations of important federal rights," In re Justices of Superior Ct. Dept. of Mass. Trial Ct., 218 F.3d 11, 17 (1st Cir. 2000), as long as the federal claims can be "raised and resolved *somewhere* in the state process" Maymó-Meléndez v.

Álvarez-Ramírez, 364 F.3d 27, 36 (1st Cir. 2004) (emphasis added).

Given the ongoing litigation in state court, the Court will abstain from exercising jurisdiction over this action to avoid interfering with the state proceedings.  Here, the Court would "needlessly inject" itself in a pending state proceeding if it were to consider Swanson's challenge to the state court commitment proceedings.  The Court has no reason to believe that Swanson will not have an opportunity to raise all pertinent issues within the state court system, whether in front of the trial court or on appeal.

Alternatively, this matter is appropriately dismissed without prejudice as Swanson has not exhausted his state remedies.  Before a federal court can entertain a petition brought under § 2254, principles of comity mandate a petitioner exhaust all of his State court remedies.  Coleman v. Thompson, 501 U.S. 722, 731 (1991).  In order for a federal court to grant a petition for a writ of habeas corpus, the petitioner must show that he has exhausted all his state remedies, or, in the alternative, that the state did not offer appropriate corrective measures.  See 28 U.S.C. § 2254(b)(1).  A claim in a § 2254 petition is not exhausted unless a petitioner has presented his claim "in each appropriate state court (including a state supreme court with powers of discretionary review)."  Baldwin v.

4

Reese, 541 U.S. 27, 29 (2004).  To exhaust a claim in Massachusetts, a habeas petitioner must present the substance of the claim to the state's highest tribunal, the Supreme Judicial Court ("SJC").  Janosky v. St. Amand, 594 F.3d 39, 50 (1st Cir. 2010); Josselyn v. Dennehy, 475 F.3d 1, 3 (1st Cir. 2007). "Even if the SJC declines to grant review ... the petitioner must have fairly presented the federal claim within the four corners of his ALOFAR [application for leave to obtain further appellate review]."  Janosky, 594 F.3d at 50.  Here, Swanson has not yet exhausted his state court remedies in the manner set forth above or is unable to do.

Accordingly, for the reasons set forth above, the petition for writ of habeas corpus and the pending motions are denied and this action is dismissed without prejudice.[1]

SO ORDERED.

/s/ William G. Young
WILLIAM G. YOUNG
UNITED STATES DISTRICT JUDGE

---

[1] Nothing in this order precludes Swanson from filing a separate non-habeas civil action concerning conditions of confinement.